UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| UNITED STATES OF AMERICA<br><br>– against –<br><br>LINDA CARRASQUILLO,<br><br>Defendant. | Statement of Reasons Pursuant to<br>18 U.S.C. § 3553(c)(2)<br><br>11-CR-716 |

**JACK B. WEINSTEIN, Senior United States District Judge:**

A sentencing court shall "state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c). If the sentence is not of the kind prescribed by, or is outside the range of, the Sentencing Guidelines referred to in Section 3553(a)(4), the court shall indicate the specific reasons for imposing a sentence different from that provided by the Guidelines. 18 U.S.C. § 3553(c)(2). These "reasons must also be stated with specificity in a statement of reasons form." *Id.* Even though the Guidelines are now "advisory" rather than mandatory, *see United States v. Booker*, 543 U.S. 220, 245-46 (2005), the sentencing court must still adhere to the requirements of 18 U.S.C. § 3553(c)(2). *United States v. Jones*, 460 F.3d 191, 197 (2d Cir. 2006).

The sentencing court's written statement of reasons shall be "a simple, fact-specific statement explaining why the Guidelines range did not account for a specific factor or factors under § 3553(a)." *United States v. Rattoballi*, 452 F.3d 127, 138 (2d Cir. 2006). Such a statement should demonstrate that the court "considered the parties' arguments' and that it has a 'reasoned basis for exercising [its] own legal decisionmaking authority." *United States v. Cavera*, 550 F.3d 180, 193 (2d Cir. 2008) (en banc) (quoting *Rita v. United States*, 551 U.S. 338, 356 (2007)) (alterations in original).

1

On November 17, 2011, Linda Carrasquillo pled guilty to Count One of a single-count information. Count One charged that between March 2010 and May 2011, defendant conspired to defraud the Internal Revenue Service ("IRS") by obtaining, and aiding others to obtain, the payment of false, fictitious and fraudulent tax refunds, in violation of 18 U.S.C. § 286.

Carrasquillo was sentenced on May 14, 2013. The proceeding was videotaped in order to develop an accurate record of the courtroom atmosphere and the factors and considerations that a district court must evaluate in imposing a sentence under 18 U.S.C. § 3553(a). *See In re Sentencing*, 219 F.R.D. 262, 264–65 (E.D.N.Y. 2004) (describing the value of video recording for the review of sentences on appeal).

The court finds the total offense level to be 19 and defendant's criminal history to be category I, yielding a guidelines range of imprisonment of between 30 and 37 months. Her offense carries a statutory maximum term of imprisonment of 10 years. 18 U.S.C. § 286. The guidelines range of fine is from $5,000 to $50,000. USSG § 5E1.2(c)(3)-(c)(4). The statutory maximum fine is $4,000,000. 18 U.S.C. § 3571(d). Restitution to victims of an offense against property, including any offense committed by fraud or deceit, is mandatory. *See* 18 U.S.C. § 3663A; USSG § 5E1.1. A special assessment of at least $100 is required. 18 U.S.C. § 3013.

A sentence of one year and one day of incarceration and three years' supervised release is imposed. Restitution was ordered in the amount of $2,000,000, payable at ten percent per month of defendant's net income, exclusive of any income derived through Social Security disability benefit payments. A special assessment of $100 shall be payable forthwith, without interest. No fine was imposed because the defendant does not have any assets, and it is unlikely that she will have any in the future, to pay a fine.

Respectful consideration was given to the sentencing Guidelines, the Sentencing Commission's policy statements and all other factors listed under 18 U.S.C. § 3553(a) to ensure that the sentence is "sufficient, but not greater than necessary, to comply with the purposes" of sentencing. 18 U.S.C. § 3553(a). The court imposed a non-Guideline sentence under 18 U.S.C. § 3553(a) and *Booker*. 18 U.S.C. § 3553(e).

The court considered the "nature and circumstances of the offense and the history and characteristics of the defendant." *See* 18 U.S.C. § 3553(a)(1). The offense to which the defendant pled guilty is serious. She was involved in a brazen conspiracy to defraud the federal government by through falsely procured tax refunds. Assumed by defendant was the role of middleman. Her participation in the overall scheme was critical to its success. She worked with postal service employees to intercept letters from the IRS and provided IRS refund checks to her coconspirators. Her coconspirators, in turn, paid her approximately 15% of the total amount of the fraudulently obtained tax refunds. According to the government, the IRS suffered a loss of at least $2,000,000 as a result of defendant's involvement in the instant offense.

Defendant's history and personal characteristics are mitigating factors. She had a difficult upbringing. Her father was not present during her youth, and she has only met him on one occasion. A stepfather both physically and sexually abused her. At least two men with whom she was romantically involved during her adult years physically abused her. In 2010, defendant attempted to commit suicide by overdosing on medication; from 2006 to 2011 she repeatedly used illegal narcotics, including cocaine and vicodin for which she did not have a prescription.

A variety of physical health ailments afflict defendant. She has suffered from diabetes for at least the last twenty-five years and is insulin-dependent. Significant kidney problems

require dialysis treatment three times per week. She is in need of, and awaiting, a kidney transplant. Additional problems involving her thyroid, blood pressure, cholesterol levels, and ulcers are present.

Despite these substantial challenges, defendant has demonstrated initiative and a capacity for self-improvement. Although she never attended high school, she obtained a General Educational Development Diploma ("GED"). She later attended college, graduating with a degree in bookkeeping. Following her arrest in this case, defendant cooperated with the government. Her efforts were significant. She identified other coconspirators to the government and assisted in gathering incriminating evidence that led to arrests and prosecutions. According to the government, defendant has consistently presented herself as candid and has never minimized her involvement in this and other criminal activity. She has taken full responsibility for her actions.

Under section 3553(a)(2)(B), there are two major considerations: general and specific deterrence. General deterrence is satisfied with the sentence imposed. The sentence will send a clear message that involvement in tax fraud conspiracies will result in a prison sentence. Specific deterrence is achieved through restitution, incarceration and substantial controls imposed by the court's Presentence and Probation services. It is unlikely that defendant will engage in further criminal activity in light of her acceptance of responsibility, remorse, and supportive family.

Because of defendant's substantial health problems, the incarceratory term of the sentence is stayed until the earlier of three years from today—May 14, 2013—or six months after defendant's current dialysis treatment ceases as a result of a kidney transplant. While the stay is in effect, she will continue to be under the supervision of the court's Pretrial Services. Should

4

defendant's kidney ailments not be cured within the next three years, the stay shall be terminated and the sentenced imposed deemed satisfied.

SO ORDERED.

_____
Jack B. Weinstein
Senior United States District Judge

Dated: May 14, 2013
       Brooklyn, New York